Curran, Dennis J., J.
INTRODUCTION
The plaintiff, Leo Hannan, filed this action on November 11, 2008, requesting declaratory and injunc-tive relief. He also seeks damages for an alleged violation of an automatic stay granted by the Bankruptcy Court. On January 2, 2009, Hannan filed an emergency ex-parte motion for a temporary restraining order and preliminary injunction to prevent the defendant bank, Mackinac, from taking any further action regarding the foreclosure on property formerly owned by Hannan. A Justice of this court (Kern, J.) granted the motion for a temporary restraining order. A hearing was held on January 12, 2009 regarding the preliminary injunction. For the reasons below, Hannan’s Motion for a Preliminary Injunction is DENIED.
*190 BACKGROUND
Hannan was the former owner of property located in Charlton, Massachusetts. He executed a mortgage on this property with Mackinac. The mortgage was recorded on May 7, 2004. A foreclosure sale was originally scheduled for January 4, 2008. This sale was postponed until March 7, 2008, because Hannan filed for bankruptcy on January 3, 2008. The Bankruptcy Court dismissed Hannan’s case on April 15, 2008. A foreclosure sale was held on April 18, 2008 and Mackinac acquired title to the property. The foreclosure deed was recorded on May 13, 2008. On May 8, 2008, the dismissal of Hannan’s bankruptcy case was vacated, reinstating an automatic stay pursuant to 11 U.S.C. §362. Both Mackinac and Hannan filed motions in the Bankruptcy Court. The Bankruptcy Court dismissed Hannan’s case sua sponte on October 3, 2008.[1] On October 27, 2008, Mackinac filed a summary process action in the Worcester Housing Court. The Housing Court ruled against Hannan on December 30, 2008.
Hannan now seeks a preliminary injunction against Mackinac with regard to the foreclosure on the Charlton property.
DISCUSSION
To prevail on a motion for a preliminary injunction, a plaintiff must show “(1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the plaintiffs likelihood of success on the merits, the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant in granting the injunction.” Tri-Nel Mgmt., Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001), citing Packaging Indus. Group, Inc v. Cheney, 380 Mass. 609, 617 (1980).
Hannan has failed to show a likelihood of success on the merits with regard to the foreclosure of the Charlton properly. Hannan’s primary argument is that the foreclosure sale violated the automatic stay granted by the Bankruptcy Court. At the time of the foreclosure sale on April 18, 2008, however, there was no automatic stay in place. Moreover, the decisions of both the Bankruptcy Court and the Housing Court with regard to Hannan’s bankruptcy and the foreclosure indicate that Hannan does not have a likelihood of success on the merits regarding his claim that the automatic stay was violated by Mackinac. For those reasons, the motion for a preliminary injunction is denied.
ORDER
It is hereby ORDERED that the Plaintiffs Motion for a Preliminary Injunction is DENIED.

Hannan’s Motion for Reconsideration was also denied by the Court.